IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-178-FL

| | | |
|---|---|---|
| KIMBERLY SHREVE, a/k/a Kimberly Ann Shreve, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| OFFICER LIMPERT, OFFICER HOWELL, OFFICER WOLFE, OFFICER LOCKHART, OFFICER DAVIDSON, OFFICER MEYERS, B. JONES, R.M. PARRISH, G. JENKINS, A.S. ODETTE, B. SCIOLI, OFFICER LAYMAN, L.M. BUTCHER, B.H. WINSTON, OFFICER FRISBEE, OFFICER MCLEOD, OFFICER POWELL, OFFICER G.S. MARLO, OFFICER ASATO, OFFICER PETERSEN, OFFICER DUFAULT, OFFICER DAVIS, OFFICER MORGAN, J.R. MARX, OFFICER BRUNO, OFFICER SINGLETARY, S.M. INGERSOLL, J.B. WIGGS, OFFICER MICHAEL, T.K. CARROLL, B.M. STEPHENSON, J.R. CRITCHER, OFFICER WINKLE, and R.D. PARROTT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court upon motions to dismiss brought by 26 defendants of the 34 named defendants variously working in law enforcement in Wake County, North Carolina, identified by plaintiff as employees of the Raleigh, Fuquay-Varina, and Wendell Police

Departments, a law officer employed at North Carolina State University, and employees of the Wake County Sheriff's Office. (DE 31, 37, 53, 83). Plaintiff has responded in opposition to several of the motions. (DE 44, 45, 47, 49, 48).[1] Also before the court is plaintiff's motion to amend complaint. (DE 87). For the following reasons, the court grants defendants' motions and denies plaintiff's motion.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, claims defendants violated her Fourth Amendment rights by falsely arresting her multiple times over a span of 19 years.[2] She commenced this action by letter complaint filed March 20, 2019, in the United States District Court for the District of South Carolina. Upon its transfer April 12, 2019, to this district, the action was categorized incorrectly as a prisoner civil rights matter, and plaintiff was noticed to present her complaint on the district's approved prisoner complaint form. Plaintiff followed this direction, and on May 1, 2019, her complaint was taken into the record, alleging violations of her civil rights under 42 U.S.C. § 1983. Plaintiff attaches documentation of these alleged arrests, including grievances she filed against the arresting officers, to her complaint. For relief, plaintiff seeks expungement of her criminal record.

The movants present in four separate motions filed between May 23, 2019, and July 29, 2019, similar reasons why plaintiff's case should not be allowed to proceed against each of these 26 defendants. In motion filed on behalf of defendant R.M. Parrish, ("Parrish"), asserted member of the Fuquay-Varina Police Department, defendant contends plaintiff's complaint about a 1999 arrest should be dismissed in accordance with Rule 12(b)(6), Fed. R. Civ. P., because the statute

---

[1] Plaintiff's responsive filing lodged on the docket at entry number 56 is not catalogued here where it is merely duplicative of response filed at entry number 45.

[2] Plaintiff does not state whether she is suing the defendants in their individual or official capacities.

of limitations has expired. (DE 31). Motion filed on behalf of G. Jenkins ("Jenkins"), asserted member of the Wendell Police Department, promotes his dismissal on grounds this court is without personal jurisdiction, insufficiency of process and service of process, and failure to state a claim. (DE 37). Defendant J. B. Wiggs ("Wiggs"), an officer at North Carolina State University, also relies upon Rules 8(a), 12(b)(2), 12(b)(5), and 12(b)(6), in his motion for dismissal, on account of defects in process, and plaintiff's failure to state a claim based on insufficiency of allegations as well as expiration of the limitations period where the arrest at issue occurred in 2014. (DE 53). Finally, the many, asserted members of the Raleigh Police Department, including defendants Officer Asato ("Asato"), Officer Bruno ("Bruno"), Officer Davidson ("Davidson"), Officer Davis ("Davis"), Officer Dufault ("Dufault"), Officer Frisbee ("Frisbee"), Officer Howell ("Howell"), Officer Layman ("Layman"), Officer Limpert ("Limpert"), Officer Lockhart ("Lockhart"), J.R. Marx ("Marx"), Officer McLeod ("McLeod"), Officer Meyers ("Meyers"), Officer Michael ("Michael"), Officer Morgan ("Morgan"), A. S. Odette ("Odette"), Officer Petersen ("Petersen"), Officer Powell ("Powell"), B. Scioli ("Scioli"), Officer Singletary ("Singletary"), Officer Winkle ("Winkle"), B.H. Winston ("Winston"), and Officer Wolfe ("Wolfe"), who come before the court in a fourth motion to dismiss, add to the chorus of defendants who contend this court is without personal jurisdiction because of plaintiff's failure to properly serve them, plaintiff's complaint is time-barred (with respect to all but one of these 23 defendants), and so devoid of sufficient factual allegations against any member of the Raleigh Police Department as to compel dismissal. (DE 83).

Plaintiff's responses in opposition, each entitled "Request for Withdrawal of a Motion," uniformly recognize the significance of her criminal history. She also lobs against any attempt by defendants Parrish, Jenkins, and Wiggs to raise the shield of qualified immunity, though not

mentioned in movants' papers. Plaintiff protests against dismissal also on account of these defendants' separate, alleged negligent acts, causing her emotional distress. Furthermore, in plaintiff's instant motion entitled "motion to/for," which the court construes as a motion to amend complaint, plaintiff raises new allegations of harassment by police officers in Raleigh, claims she was deprived of her epilepsy medicine while housed in Wake County Jail, and asserts she was taken to Federal Correctional Complex, Butner ("Butner") "for no apparent reason." In support, plaintiff attaches a document chronicling her various arrests, which date back to 1998.

The remaining eight defendants named in the complaint have not entered an appearance and, accordingly, did not join in the instant motions to dismiss. These include defendants B. Jones ("Jones"), L.M. Butcher ("Butcher"), GS Marlo ("Marlo"), SM Ingersoll ("Ingersoll"), TK Carroll ("Carroll"), BM Stephenson ("Stephenson"), J.R. Critcher ("Critcher"), and R.D. Parrott ("Parrott").

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint are set forth in relevant part below:

> [Defendant] Limpert charged me with communicating threats . . . with Malcolm Huffman, my ex-boyfriend, the victim. I have a picture included where Malcolm hit me. Why would I communicate threats to Huffman when he would jerk me by my hair and I was terrified of him? I was taken to Wake County Jail and had a bond.
>
> [Defendant] Howell charged me with assault simple (not aggravated) to Malcolm Huffman. Every time I needed help and called the cops, about [three to five] would appear out of nowhere, standing [five] feet away whispering. Many times I was handcuffed tight and thrown in the back of a car.
>
> [Defendant] Wolfe charged me with mental commitment. I was not taken to a mental hospital. I was taken to Wake County Jail.
>
> [Defendant Butcher] charged me with damage to property and Malcolm Huffman was the victim. [Defendant Butcher] wrote I lived at American Towing, 281 Brewton Place, Raleigh and Huffman lived at 120 Plainview (not true). [Defendant

Butcher] also charged me Vandalism/Civilian . . . I do not understand why I had such a low bond, and it was dismissed after Wake County Jail.

[Defendant] B.H. Winston charged me with Felony/Larceny of a pug dog that had been missing for over one month and I had hung flyers to find the dog when Malcolm Huffman told [defendant B.H. Winston] I had stolen the dog. [Defendant B.H. Winston] turned without question, charged me with Felony/Larceny, and had taken me to Wake County Jail.

[Defendant] Asato charged me with Larceny/All others . . . and the victim was Malcolm Huffman. What would I steal from Huffman if I was living with him? I was taken to Wake County Jail and had a low bond.

[Defendant] Critcher charged me with Second Degree Trespass. By general procedures I was suppose[d] to be given an "oral warning" then a "written warning." How could I be charged with Second Degree Trespass? I could not find a copy of the Incident Report . . . I was taken to Wake County Jail and had a bond.

[Defendant] Stephenson charged me [with] Resisting Public Officer, Intoxicated and Disorderly. How could I be charged [with] intoxicated when no drug/alcohol test was given? . . . . I could not find a copy of the Incident Report . . . I was taken to Wake County Jail and had a bond.

(Compl. (DE 17) p. 21-23).[3]

In addition, with respect to defendant Winkle, plaintiff filed a document containing the following statements:

I am writing today to complain of the poor service I received from [d]efendant Winkle on November 29, 2016. The incident happened at 222 W. Hargett St. The Incident Report shows on that date, [defendant] Winkle charged me with All Other Non-Offense. Why was I not charged with Trespassing at 222 W. Hargett St. like in year 2009? Who is "victim" Jean Ballard Babson and what is a "victim" of all other non-offense?

(Compl. (DE 17-1) p. 91).

---

[3] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

## DISCUSSION

A. Standards of Review

　　1.　Motion to Amend Complaint

A plaintiff may amend complaint one time as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a plaintiff may amend complaint only by leave of the court or by written consent of the defendant, although "[t]he court should freely give leave when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252–53 (4th Cir. 1999).

Leave to amend freely should be given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

　　2.　Motion to Dismiss

"To survive a motion to dismiss" under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts

all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

   1.   Statute of Limitations

All moving defendants, except defendant Winkle, argue plaintiff's claims for false arrest under 42 U.S.C. § 1983 are time-barred. There is no federal statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. Burnett v. Grattan, 468 U.S. 42, 49 (1984). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5); see Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 67 (4th Cir. 2015).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. Wallace, 549 U.S. at 388; Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). A claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See Wallace, 549 U.S. at 391.

Here, plaintiff's claims for false arrest accrued when she was allegedly arrested because that is when she knew or had reason to know of the alleged violations. See Brooks 85 F.3d at 182 (holding that a claim for false arrest accrues on the date of arrest). Since plaintiff initiated this

action on March 20, 2019, all arrests that occurred prior to March 20, 2016, are barred by the three-year statute of limitations. As a result, plaintiff's claims against moving defendants Parrish,[4] Jenkins,[5] Odette,[6] Limpert,[7] Howell,[8] Wolfe,[9] Lockhart,[10] Davidson,[11] Meyers,[12] Scioli,[13] Layman,[14] Winston,[15] Frisbee,[16] McLeod,[17] Powell,[18] Asato,[19] Petersen,[20] Dufault,[21] Davis,[22] Morgan,[23] Marx,[24] Bruno,[25] Singletary,[26] Wiggs,[27] and Michael[28] are dismissed as time barred.[29]

2. Failure to State a Claim

Plaintiff's false arrest claim against sole remaining moving defendant Winkle is not time barred. To state a claim for false arrest under 42 U.S.C § 1983, a plaintiff must establish that the arresting officer lacked probable cause. Street v. Surdyka, 292 F.2d 368, 372-73 (4th Cir. 1974) ("There is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause.").

---

[4] Defendant Parrish allegedly arrested plaintiff on October 13, 1999. (Compl. (DE 17-1) p. 3-4).
[5] Defendant Jenkins allegedly arrested plaintiff on April 29, 2000. (Compl. (DE 17-1) (p. 7-8).
[6] Defendant Odette allegedly arrested plaintiff on May 12, 2002. (Compl. (DE 17-1) p. 9-12).
[7] Defendant Limpert allegedly arrested plaintiff on May 28, 2002. (Compl. (DE 17-1) p. 13-14).
[8] Defendant Howell allegedly arrested plaintiff on December 16, 2002. (Compl. (DE 17-1) p. 15-16).
[9] Defendant Wolfe allegedly arrested plaintiff on January 17, 2003. (Compl. (DE 17-1) p. 17-18).
[10] Defendant Lockhart allegedly arrested plaintiff on April 18, 2003. (Compl. (DE 17-1) p. 19-20).
[11] Defendant Davidson allegedly arrested plaintiff on June 14, 2003. (Compl. (DE 17-1) p. 21-22).
[12] Defendant Meyers allegedly arrested plaintiff on June 14, 2003. (Compl. (DE 17-1) p. 23-24).
[13] Defendant Scioli allegedly arrested plaintiff on June 29, 2003. (Compl. (DE 17-1) p. 25-26).
[14] Defendant Layman allegedly arrested plaintiff on July 1, 2003. (Compl (DE 17-1) p. 27-28).
[15] Defendant Winston allegedly arrested plaintiff on February 12, 2005. (Compl. (DE 17-1) p. 33-36).
[16] Defendant Frisbee allegedly arrested plaintiff on March 11, 2005. (Compl. (DE 17-1) p. 37-38).
[17] Defendant McLeod allegedly arrested plaintiff on March 12, 2005. (Compl. (DE 17-1) p. 42-43).
[18] Defendant Powell allegedly arrested plaintiff on March 12, 2005. (Compl. (DE 17-1) p. 44-47).
[19] Defendant Asato allegedly arrested plaintiff on August 16, 2005. (Compl. (DE 17-1) p. 48-51).
[20] Defendant Petersen allegedly arrested plaintiff on August 19, 2005. (Compl. (DE 17-1) p. 52-53).
[21] Defendant Dufault allegedly arrested plaintiff on November, 25 2005. (Compl. (DE 17-1) p. 54-55).
[22] Defendant Davis allegedly arrested plaintiff on September 8, 2008. (Compl. (DE 17-1) p. 56-57).
[23] Defendant Morgan allegedly arrested plaintiff on October 6, 2008. (Compl. (DE 17-1) p. 58-59).
[24] Defendant Marx allegedly arrested plaintiff on January 16, 2009. (Compl. (DE 17-1) p. 60-63).
[25] Defendant Bruno allegedly arrested plaintiff on February 4, 2009. (Compl. (DE 17-1) p. 67-68).
[26] Defendant Singletary allegedly arrested plaintiff on July 17, 2009. (Compl. (DE 17-1) p. 69-70).
[27] Defendant Wiggs allegedly arrested plaintiff on May 22, 2014. (Compl. (DE 17-1) p. 75-76).
[28] Defendant Michael allegedly arrested plaintiff on June 19, 2014. (Compl. (DE 17-1) p. 77-78).
[29] Claims against non-moving defendants Jones, Butcher, Marlo, Ingersoll, and Carroll are time barred as well. (See Compl. (DE 17-1) p. 1, 29, 39, 71, 79).

> Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense. Probable cause is an objective standard of probability that reasonable and prudent persons apply in everyday life, and determined by a totality of the circumstances approach. While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict.

Humbert v. Mayor and City Council of Baltimore City, 866 F.3d 546, 555-56 (4th Cir. 2017) (citations omitted).

Here, plaintiff claims defendant Winkle charged her with "All other non-offense" on November 29, 2016. However, she fails to allege he lacked probable cause to arrest her. Instead, she merely questions his selection of charges. (See Compl. (DE 17-1) p. 91) ("[Defendant] Winkle charged me with All Other Non- Offense. Why was I not charged with Trespassing at 222 W. Hargett St. like in year 2009?"). As illustrated by the Fourth Circuit in Humbert, probable cause to make an arrest exists if an officer has cause to reasonably believe the suspect has committed any offense. See 866 F.3d at 555-56. Thus, an officer's selection of charges is immaterial to the probable cause analysis. Since plaintiff fails to allege that defendant Winkle lacked probable cause, her false arrest claim against defendant Winkle must be dismissed.[30]

    3.    Status of Remaining Defendants

As noted above, eight defendants named in the complaint, Jones, Butcher, Marlo, Ingersoll, Carroll, Stephenson, Critcher, and Parrott, have not entered an appearance and so did not join in any motion to dismiss. Federal Rule of Civil Procedure 4(l) provides that "proof of service must be made to the court." Rule 4(m) further provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff –

---

[30] Because the court grants moving defendants' motion to dismiss on the basis of failure to state a claim and time bar, the court does not reach additional grounds for dismissal asserted by moving defendants.

must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Plaintiff has not proved service on any of the remaining defendants. Although plaintiff filed copies of summonses directed to defendants on May 9, 2019, and affidavits stating she sent summonses through certified mail on May 16, 2019, she did not file signature cards indicating defendants actually received summons or complaint. (See DE 23, 26). Moreover, plaintiff's documentation shows that she mailed summonses for defendants Critcher, Parrott, Butcher, Marlo, and Jones to the Raleigh Police Department. (See DE 23 and 26). However, Fagan Stackhouse, the Director of the Human Resources Department for the City of Raleigh, attested that the City of Raleigh has never employed defendants Critcher, Parrott, Butcher, Marlo, or Jones. (DE 84-3 p. 2).

Accordingly, the court hereby provides notice to plaintiff that she must provide proof of service on the remaining defendants Jones, Butcher, Marlo, Ingersoll, Carroll, Critcher, Stephenson, and Parrott within 21 days of the date of this order. Failure to file proof of service within the time period provided may result in dismissal without prejudice of all claims against those defendants.

4. Motion to Amend Complaint

Plaintiff raises the following new allegations in her motion to amend: 1) police officers in Raleigh began harassing her after she commenced the instant action; 2) she was deprived of her epilepsy medication while housed in Wake County Jail, which caused a seizure and head injury; and 3) she was taken to Butner for forty days "for no apparent reason." (DE 87 at 1-19).

The time in which plaintiff could amend her complaint as a matter of right has passed. Moreover, by failing to indicate who committed the abuses alleged in her motion to amend,

plaintiff has set forth bare assertions devoid of factual enhancement. As such, plaintiff fails to state a claim for relief, rendering her amendment to complaint futile. Accordingly, plaintiff's motion to amend complaint is denied. See Katyle, 637 F.3d at 471 (holding the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.").

## CONCLUSION

Based on the foregoing, the court orders the following:

1) Moving defendants' motions to dismiss (DE 31, 37, 53, 83) are GRANTED. All claims against moving defendants are DISMISSED WITHOUT PREJUDICE.

2) The court hereby NOTIFIES plaintiff that she must provide proof of service on remaining defendants Jones, Butcher, Marlo, Ingersoll, Carroll, Critcher, Stephenson, and Parrott, within 21 days of the date of this order. Failure to file proof of service within the time period provided may result in dismissal without prejudice of all claims against said defendants.

3) Plaintiff's motion to amend complaint (DE 87) is DENIED.

SO ORDERED, this the 15th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge