IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-178-FL

| | | |
|---|---|---|
| KIMBERLY SHREVE, a/k/a Kimberly Ann Shreve, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| B. JONES, L.M. BUTCHER, OFFICER G.S. MARLO, S.M. INGERSOLL, T.K. CARROLL, B.M. STEPHENSON, J.R. CRITCHER, and R.D. PARROTT, | ) ) ) ) ) | |
| Defendants.[1] | ) ) | |

This matter comes before the court upon pro se plaintiff's motion to appoint counsel (DE 92), asserted proof of service (DE 91), and "complaint statements" (DE 90), which the court construed as a motion to amend complaint in text order. One former defendant responded to plaintiff's motion to amend complaint, and the remaining former defendants moved for clarification (DE 93) and an extension of time to file response (DE 94). For the following reasons, the court denies plaintiff's motion to appoint counsel (DE 92) and motion to amend complaint (DE 90), dismisses plaintiff's claims without prejudice for failure to effect service of process, and denies as moot former defendants' motions (DE 93, 94).

---

[1] The court constructively amends its case caption to reflect dismissal of defendants Officer Limpert, Officer Howell, Officer Wolfe, Officer Lockhart, Officer Davidson, Officer Meyers, R. M. Parrish, G. Jenkins, A.S. Odette, B. Scioli, Officer Layman, B.H. Winston, Officer Frisbee, Officer McLeod, Officer Powell, Officer Asato, Officer Petersen, Officer Dufault, Officer Davis, Officer Morgan, J.R. Marx, Officer Bruno, Officer Singeltary, J. B. Wiggs, Officer Michael, and Officer Winkle, pursuant to the court's November 15, 2019, order.

**BACKGROUND**

The court incorporates by reference the background of this case set forth in its November 15, 2019, order and includes the following as relevant to resolution of the instant matters. On November 15, 2019, the court granted motions to dismiss filed by former defendants Officer Limpert, Officer Howell, Officer Wolfe, Officer Lockhart, Officer Davidson, Officer Meyers, R. M. Parrish, G. Jenkins, A.S. Odette, B. Scioli, Officer Layman, B.H. Winston, Officer Frisbee, Officer McLeod, Officer Powell, Officer Asato, Officer Petersen, Officer Dufault, Officer Davis, Officer Morgan, J.R. Marx, Officer Bruno, Officer Singeltary, J. B. Wiggs, Officer Michael, and Officer Winkle, dismissing plaintiff's claims against them without prejudice for failure to state a claim upon which relief could be granted.

Furthermore, the court instructed plaintiff to file proof of service against remaining defendants B. Jones ("Jones"), L.M. Butcher ("Butcher"), G.S. Marlo ("Marlo"), S.M. Ingersoll ("Ingersoll"), T.K. Carroll ("Carroll"), B.M. Stephenson ("Stephenson"), J.R. Critcher ("Critcher"), and R.D. Parrott ("Parrott"), who failed to appear in the instant action. The court notified plaintiff that failure to do so in the time provided may result in dismissal without prejudice of all claims against said defendants. After seeking an extension of time to file proof of service, which the court granted December 9, 2019, plaintiff attempted to prove service by certifying that she served "Tracking Certified Letter about Case No. 5:19-CV-178-FL" on defendants, attaching copies of the letter and certified mail receipts.

Thereafter, plaintiff moved for appointment of counsel and filed "complaint statements," which the court construed as a motion to amend complaint in text order entered January 8, 2020. Following entry of the court's text order, former defendant R.M. Parrish filed response in opposition to plaintiff's motion to amend, and the remaining former defendants filed the instant

motions, seeking clarification as to whether they should respond to plaintiff's motion amend, and if so, requesting an extension of time to do so.

## COURT'S DISCUSSION

A.  Analysis

1.  Proof of Service

Plaintiff purports to have proved service on defendants Jones, Butcher, Marlo, Ingersoll, Carroll, Stephenson, Critcher, and Parrott.

According to the Federal Rules of Civil Procedure, a party may effect service on an individual by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e). In relevant part, the North Carolina Rules of Civil Procedure permit service upon an individual "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and <u>delivering to the addressee</u>." N.C. Gen. Stat. § 1A–1, Rule 4(j)(1)(c) (emphasis added).

Where, as here, a plaintiff attempts to serve defendants via certified mail, and defendants fail to enter an appearance, plaintiff must prove service by filing an affidavit that complies with North Carolina General Statute § 1-75.10(a)(4). <u>See</u> N.C. Gen. Stat. § 1-75.11; <u>see e.g.,</u> <u>Moore v. Cox</u>, 341 F.Supp.2d 570, 573 (M.D.N.C. 2004). That statute requires plaintiff to aver in an affidavit:

> a) that a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
>
> b) that it was in fact received as evidenced by the attached delivery receipt or other evidence satisfactory to the court of delivery to the addressee; and
>
> c) the delivery receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(4).

3

Here, plaintiff fails to comply with the above proof of service requirements. First, instead of sending each defendant a summons and a copy of the complaint, as required by North Carolina General Statute § 1-75.10(a)(4)(a), plaintiff's purported proof of service indicates that she mailed each defendant a one-page letter entitled "Tracking Certified Letter about Case No. 5:19-CV-178-FL." (See DE 91 at 3-10).[2] As such, plaintiff's process is insufficient. See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); see also Cherry v. Spence, 249 F.R.D. 226, 229 (E.D.N.C. 2008) (holding that a plaintiff must serve a defendant with the entire complaint, in addition to a summons, to complete service of process).

Second, plaintiff fails to provide any signed receipt or documentation indicating the letters were in fact received by defendants, despite the court's instruction in its November 15, 2019, order for plaintiff to attach signature cards to her proof of service. (See Order (DE 88) at 10). Accordingly, plaintiff fails to comply with the proof of delivery requirements set forth in North Carolina General Statutes §§ 1-75.10(a)(4)(b) and 1-75.10(a)(4)(c).

Third, plaintiff's purported proof of service indicates she mailed defendants Marlo and Butcher's letters to the Raleigh Police Department; however, as noted in the court's November 15, 2019, order, these defendants have never worked for the Raleigh Police Department. (See Order (DE 88) 10) ("[T]he Director of Human Resources for the City of Raleigh attested that the City of Raleigh has never employed defendants Critcher, Parrott, Butcher, Marlo, or Jones."). Therefore, they cannot be served by receiving mail at that address. Fourth, and finally, plaintiff's purported proof of service contains no reference to defendant Parrott, even though the court's November 15, 2019, order directed plaintiff to prove he had been served.

In sum, plaintiff fails to prove she served remaining defendants, and pursuant to Federal

---

[2] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

Rule of Civil Procedure 4(m) "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order the service be made within a specified time." The court previously provided plaintiff with notice in its November 15, 2019, order and allowed plaintiff an opportunity to cure all service deficiencies. As such, the court now dismisses all claims against defendants Jones, Butcher, Marlo, Ingersoll, Carroll, Stephenson, Critcher, and Parrott without prejudice.

    2.    Motion to Appoint Counsel

Plaintiff seeks appointment of counsel, on grounds that she has contacted "ten to twenty Federal attorneys in Raleigh, Durham, and Winston Salem" and, although some have considered representing her, "they seem to change their mind" thereafter. (Pl. Mot. (DE 92) at 1).

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (" If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Here, plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel. Indeed, she has established through her many filings that she is capable of proceeding pro se, and the fact that several attorneys have declined to

represent her does not warrant a different result. Accordingly, the court denies plaintiff's motion to appoint counsel. (DE 91).

    3.    Motion to Amend Complaint

Plaintiff moves to amend her complaint against former defendants. As an initial matter, the court's order granting former defendants' motions to dismiss does not foreclose consideration of plaintiff's motion to amend her claims against them. See Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) ("[A] district court may not deny [a motion to amend] simply because it has entered judgment against the plaintiff–be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits.") (citing Forman v. Davis, 371 U.S. 178 (1962)). In fact, a pre–and a post-dismissal motion to amend are evaluated under the same standard. Id. That standard requires courts to grant leave to amend freely when justice so requires and to deny it only when amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Id. at 426. With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

In plaintiff's motion to amend, plaintiff lodges new claims against the former defendants, alleging that they committed perjury in violation of 18 U.S.C. § 1621, as well as a number of state law crimes including: 1) embezzlement of property received by virtue of office or employment of $100,000.00 or more, in violation of North Carolina General Statute § 14-90; 2) offering bribes in violation of North Carolina General Statute §14-218; 3) buying or selling offices in violation of North Carolina General Statute § 14-228; 4) misuse of confidential information in violation of North Carolina General Statute § 14-234.1; and 5) benefiting from certain public contracts as public officers in violation of North Carolina General Statute § 14-234.

However, the above federal and state statutes are criminal in nature, and plaintiff, as a private citizen, cannot sue to enforce them. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Likewise, plaintiff's assertion that she "does not expect the State of NC to give a woman who was going through a ten year abuse, along with arrest and trauma from police, a stable mind to sue for relief within 3 years," (Compl. Doc. (DE 90) at 3), does not defeat the former defendants' statute of limitation defenses to her false arrest claims. As such, plaintiff's proposed amended complaint fails to state a claim, and her motion to amend must be denied.

4. Defendants' Motions for Clarification and Extension of Time

Where plaintiff's motion to amend complaint is denied, former defendants' motions for clarification and for extension of time to respond to plaintiff's motion are denied as moot.

**CONCLUSION**

Based on the foregoing, plaintiff's motion to appoint counsel (DE 92) is DENIED, plaintiff's motion to amend (DE 90) is DENIED, and plaintiff's claims against defendants Jones, Butcher, Marlo, Ingersoll, Carroll, Stephenson, Critcher, and Parrott are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m). Former defendants' motion for clarification (DE 93) and motion for an extension of time (DE 94) are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of January, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge