IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-178-FL

| | | |
|---|---|---|
| KIMBERLY SHREVE, a/k/a Kimberly Ann Shreve, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| B. JONES, L.M. BUTCHER, OFFICER G.S. MARLO, S.M. INGERSOLL, T.K. CARROLL, B.M. STEPHENSON, J.R. CRITCHER, and R.D. PARROTT, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on pro se plaintiff's "complaint for damages" (DE 106), which the court construes as a motion to vacate judgment and amend complaint. For the following reasons, plaintiff's motion is denied.

**BACKGROUND**

The court incorporates by reference the background of this case set forth in its November 15, 2019, order and includes the following as relevant to resolution of the instant matter. On November 15, 2019, the court granted motions to dismiss filed by former defendants Officer Limpert, Officer Howell, Officer Wolfe, Officer Lockhart, Officer Davidson, Officer Meyers, R. M. Parrish, G. Jenkins, A.S. Odette, B. Scioli, Officer Layman, B.H. Winston, Officer Frisbee, Officer McLeod, Officer Powell, Officer Asato, Officer Petersen, Officer Dufault, Officer Davis, Officer Morgan, J.R. Marx, Officer Bruno, Officer Singeltary, J. B. Wiggs, Officer Michael, and Officer Winkle, dismissing plaintiff's claims against them without prejudice for failure to state a

claim upon which relief could be granted. The court also instructed plaintiff to file within 21 days proof of service as to remaining former defendants B. Jones, L.M. Butcher, G.S. Marlo, S.M. Ingersoll, T.K. Carroll, B.M. Stephenson, J.R. Critcher, and R.D. Parrott. The court notified plaintiff that failure to do so in the time provided may result in dismissal without prejudice of all claims against said defendants.

After granting plaintiff an additional 14 days to comply, the court found that plaintiff failed to prove service. Accordingly, the court dismissed plaintiff's complaint against the remaining former defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m), and entered judgment against plaintiff on January 22, 2020.

As pertinent here, on May 14, 2020, plaintiff filed a "complaint for damages" against "N.C. Raleigh Police Officers[1]" (DE 106), which the court construes as a motion to vacate judgment and amend complaint. In the instant motion, plaintiff seeks to assert claims under various state and federal criminal statutes as well as previously dismissed claims for false arrest under 42 U.S.C. § 1983.

## COURT'S DISCUSSION

A district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011). Where a motion to alter judgment "seek[s] to set aside the judgment of dismissal and, at the same time, to file an amended complaint" the court "need only ask whether the amendment should be granted" under Federal Rule of Civil Procedure 15. Calvary Christian Ctr. v. City of Fredericksburg, Va., 710 F.3d 536, 540–41 (4th Cir. 2013).

---

[1] The 34 former defendants variously worked in law enforcement in Wake County, North Carolina, identified by plaintiff as employees of the Raleigh, Fuquay-Varina, and Wendell Police Departments, a law officer employed at North Carolina State University, and employees of the Wake County Sheriff's Office.

2

Case 5:19-cv-00178-FL   Document 107   Filed 06/10/20   Page 2 of 5

A motion to amend under Rule 15 should be granted unless the "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006).

In the instant motion, plaintiff seeks to assert claims against "N.C. Raleigh Police Officers," under 18 U.S.C. § 1621 for perjury, as well as a number of North Carolina statutes including: 1) North Carolina General Statute § 14-90, for embezzlement of property received by virtue of office or employment; 2) North Carolina General Statute § 14-91, for embezzlement of state property by public officers and employees; 3) North Carolina General Statute § 14-217, for bribery of officials; 4) North Carolina General Statute §14-218, for offering bribes; 5) North Carolina General Statute § 14-228, for buying or selling offices; 6) North Carolina General Statute § 14-234.1, for misuse of confidential information; and 7) North Carolina General Statute § 14-234, for benefiting from certain public contracts as public officers.  (See DE 106).

The above federal and state statutes are criminal in nature, and plaintiff, as a private citizen, cannot sue to enforce them.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990).  Accordingly, amendment to assert these claims would be futile, and plaintiff's motion to amend is denied in this regard.

As a "second cause of action[,]" plaintiff asserts:

> Many Raleigh Police Officers are claiming their actions should be dismissed because of expiration of 3 year limitation.  Plaintiff does not expect State of North Carolina to give a woman who going through a ten year abuse, along with arrest and trauma from police, a stable mind to sue for relief within 3 years.

(DE 106 ¶ 9).  Ostensibly, plaintiff is referring to the previous dismissal of her 42 U.S.C. § 1983 false arrest claims, where such claims were barred by the applicable three-year statute of

3

limitations.[2] See Shreve v. Limpert, No. 5:19-cv-178-FL, 2019 WL 6115038, at *4 (E.D.N.C. Nov. 15, 2019). Now, seeking to reassert those claims, plaintiff appears to be arguing that the statute of limitations should be equitably tolled, due to her alleged instability.

As plaintiff seeks to bring her false arrest claims under 42 U.S.C. § 1983, the court looks to North Carolina law for guidance on equitable tolling. See Hardin v. Straub, 490 U.S. 536, 539 (1989) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules.") (internal quotations omitted). North Carolina law allows a person who is under a disability at the time a cause of action accrues to bring the action within three years after the disability is removed. See N.C. Gen. Stat § 1-17(a). As relevant here, a person under a disability includes an "incompetent adult" "who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property." Id. at § 1-17(a)(1); N.C. Gen. Stat. § 35A-1101(7).

Assuming without deciding that plaintiff's alleged instability rendered her incompetent within the meaning of North Carolina General Statute § 35A-1101(7), any such disability was necessarily removed as early as 2009, in light of the multiple actions plaintiff initiated as a pro se litigant, beginning that year. See e.g., Shreve v. RPD, et al, 5:09-CV-353-F (E.D.N.C. 2009); Shreve v. Fetter, et al, 5:11-CV-157-H (E.D.N.C. 2011); Shreve v. Fetter, et al, 5:13-CV-354-H, (E.D.N.C. 2013); Shreve v. McLennon, et al, 5:15-CV-563-BO (E.D.N.C. 2015). Since plaintiff

---

[2] There is no federal statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. Burnett v. Grattan, 468 U.S. 42, 49 (1984). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5); see Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 67 (4th Cir. 2015).

commenced the instant action on March 20, 2019,[3] more than three years after her alleged disability was removed in 2009, the three-year statute of limitations bars plaintiff's false arrest claims under 42 U.S.C. § 1983. As such, amendment to reassert those claims would be futile.

In sum, plaintiff's proposed amended complaint fails to state a claim, and her motion to amend must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion to vacate judgment and amend complaint (DE 106) is DENIED.

SO ORDERED, this the 10th day of June, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] The alleged false arrests occurred from 2003 to 2014. See Limpert, 2019 WL 6115038, at *4.